UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL CAMPBELL, an individual,

    Plaintiff,

v.                        Case No: 2:14-cv-213-FtM-29DNF

LEE COUNTY, FLORIDA BOARD OF COUNTY COMMISSIONERS, a political subdivision of the State of Florida,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #9) filed on November 7, 2014. Plaintiff filed a Response (Doc. #10) on November 18, 2014. For the reasons set forth below, the motion is denied.

Plaintiff filed his Complaint (Doc. #1) on April 14, 2014. Three days later, Plaintiff sent Defendant notice of the lawsuit, a copy of the Complaint, and a request to waive service of a summons. (Doc. #10-1.) Plaintiff's counsel explains that he has represented several other plaintiffs in cases against Defendant in which the parties' normal course of dealing was for Defendant to waive service. (Doc. #10, ¶ 3.) However, in this instance, Defendant did not return Plaintiff's requested waiver. Plaintiff

did not notice this oversight until October 15, 2014, and Defendant was not properly served until October 21, 2014. (Id. at ¶ 4.)

Defendant now moves to dismiss the Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because Plaintiff failed to serve Defendant with the Complaint within 120 days. Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Accordingly, Rule 4(m) requires a court to extend the time for service if a plaintiff demonstrates good cause, and grants a court discretion to do so even in the absence of good cause. Horenkamp v. Van Winkle And Co., 402 F.3d 1129, 1132 (11th Cir. 2005). Among the factors courts consider when determining whether to grant an extension is whether the applicable statute of limitations would bar a refiled action. Id. (affirming district court's extension where defendant had timely notice of the suit, had since been properly served, and dismissal would have rendered plaintiff's claim time barred).

Here, the parties agree that Plaintiff's second cause of action will be time barred if Plaintiff is required to refile his case. (Doc. #9, p. 5; Doc. #10, p. 5.) In light of that fact,

- 2 -

and the fact that Defendant received timely notice of the suit and a copy of the Complaint, the Court will exercise its discretion to extend the service deadline so as to deem timely the service effectuated on October 21, 2014.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #9) is **DENIED.** The deadline for service is extended up to and including **October 21, 2014.**

**DONE and ORDERED** at Fort Myers, Florida, this ___8th___ day of December, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record