UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL CAMPBELL, an individual,

    Plaintiff,

v.                          Case No: 2:14-cv-213-FtM-29DNF

LEE COUNTY, FLORIDA BOARD OF COUNTY COMMISSIONERS, a political subdivision of the State of Florida,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #12) filed on December 18, 2014. Plaintiff filed a Response (Doc. #14) on December 24, 2014. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiff Michael Campbell (Campbell) has filed a two-count Complaint (Doc. #1) against Defendant Lee County, Florida Board of County Commissioners (the County) alleging violations of the Florida Whistleblower's Act and the deprivation of his constitutional right to freedom of speech. The underlying facts, as set forth in the Complaint, are as follows:

Campbell worked for the County's Department of Transportation as a "Crew Leader" from October 2006 to October 2013. (Id. at ¶ 7.) While he was employed by the County, Campbell became aware of the County's "mismanagement of public funds, gross inequities in personnel decisions and extensive age discrimination." (Id. at ¶ 10.) In mid-September 2013, Campbell provided written statements to members of the news media detailing the County's mismanagement and age discrimination. (Id. at ¶¶ 11-12.) During the same time period, Campbell also voiced his concerns to his superiors at the County. (Id. at ¶ 13.) Less than two weeks after speaking with the media, the County terminated Campbell's employment. (Id. at ¶ 15.)

Based on these allegations, Campbell brings causes of action against the County for violating 42 U.S.C. § 1983 (Section 1983) by depriving him of his constitutional right to freedom of speech, and for violating the Florida Whistleblower's Act (FWA). The County now moves to dismiss the Complaint, arguing that both counts fail to state a claim upon which relief can be granted. Campbell replies that both counts are adequately pled.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a

2

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

**A.   Count I – Section 1983**

Public employees, like plaintiff, may bring First Amendment retaliation claims pursuant to 42 U.S.C. § 1983. See Randall v. Scott, 610 F.3d 701, 703 (11th Cir. 2010). Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. It is well established that a state employee may not be discharged in retaliation for speech protected under the First Amendment. Vila v. Padron, 484 F.3d 1334, 1339 (11th Cir. 2007) (citing Rankin v. McPherson, 483 U.S. 378, 383 (1987)). Nonetheless, "[g]overnment employers, like private employers, need a significant degree of control over their employees' words and actions; without it, there would be little chance for the efficient provision of public services." Garcetti v. Ceballos, 547 U.S. 410, 418 (2006).

In order to establish a claim of retaliation under the First Amendment, a plaintiff must show: "(1) she was speaking as a citizen on a matter of public concern; (2) her interests as a citizen outweighed the interests of the State as an employer; and (3) the speech played a substantial or motivating role in the adverse employment action." Vila, 484 F.3d at 1339 (citing Akins

4

v. Fulton Cnty., 420 F.3d 1293, 1303 (11th Cir. 2005)). The Eleventh Circuit modified the first part of the inquiry, in accordance with the Supreme Court's holding in Garcetti, "to determine if an employee's speech has constitutional protection by deciding at the outset (1) if the government employee spoke as an employee or citizen and (2) if the speech addressed an issue relating to the mission of the government employer or a matter of public concern." Boyce v. Andrew, 510 F.3d 1333, 1342 (11th Cir. 2007) (citing D'Angelo v. Sch. Bd., 497 F.3d 1203, 1209 (11th Cir. 2007)). The County argues that Count I must be dismissed because Campbell's allegations fail to satisfy both prongs of this analysis.

   1.  **Whether Campbell Spoke as an Employee or Citizen**

Campbell's speech may be entitled to constitutional protection only if he spoke as private citizen. The critical question under this step of the analysis is "whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." Lane v. Franks, 134 S. Ct. 2369, 2379 (2014). If a public employee speaks pursuant to his "official duties," the employee is not speaking as a citizen and the speech is not protected. Garcetti, 547 U.S. at 421. A number of relevant, but non-dispositive factors have been established to assist in the determination of whether the speech is within the scope of an employee's duties, including the

5

employee's job description, whether the speech occurs in the workplace, and whether the speech concerns the subject matter of the employee's job.  Abdur-Rahman v. Walker, 567 F.3d 1278, 1282 (11th Cir. 2009) (citing Garcetti, 547 U.S. at 420-421).

Here, Campbell alleges that he was employed by the Department of Transportation as a Crew Leader.  He further alleges that his duties as a Crew Leader did not involve speaking to the media regarding the County's finances and employment practices. Accepting these allegations as true, the Court concludes that Campbell has adequately alleged that he was speaking as a private citizen when he disclosed the County's alleged misconduct to the media.  Accordingly, the County's motion to dismiss on this basis is denied.

2. **Whether Campbell's Speech Addressed a Matter of Public Concern**

Campbell's speech must also address a matter of public concern.  "Speech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." Lane, 134 S. Ct. at 2380 (quotation omitted).  Here, Campbell alleges that he spoke to the media concerning the County's misuse of public funds and discriminatory employment practices.  Such speech clearly

6

addresses a matter of public concern. Lane, 134 S. Ct. at 2380 ("[C]orruption in a public program and misuse of state funds [] obviously involves a matter of significant public concern."); Garcetti, 547 U.S. at 425 ("Exposing governmental inefficiency and misconduct is a matter of considerable significance."). Accordingly, the County's motion to dismiss on this basis is denied.

**B.  Count II – The Florida Whistleblower's Act**

The FWA prohibits a state agency from dismissing or disciplining an employee for disclosing violations or suspected violations of federal, state, or local law, or any act of gross mismanagement, malfeasance, or misfeasance. Fla. Stat. § 112.3187. Campbell alleges that the County violated the FWA by dismissing him for disclosing the County's mismanagement and misconduct. A FWA retaliatory discharge claim is analyzed via the same framework as retaliation claims brought pursuant to Title VII of the Civil Rights Act. Turner v. Inzer, 521 F. App'x 762, 764 (11th Cir. 2013). Therefore, to state a claim for retaliatory discharge under the FWA, a plaintiff must allege that: (1) he engaged in an activity protected by the FWA, (2) he suffered an adverse employment action, and (3) a causal connection existed between the protected activity and the adverse employment action. Id.

7

The County challenges only the first prong of Campbell's *prima facie* case. Specifically, the County argues that Campbell's disclosure of alleged misconduct to his "superiors" at the County's Department of Transportation was not protected by the FWA. The FWA protects whistleblower employees who, *inter alia*, "file any written complaint to their supervisory officials." Fla. Stat. § 112.3187(7). However, when the alleged misconduct concerns a local governmental entity such as the County, "the information must be disclosed to a chief executive officer . . . or other appropriate local official." Id. § 112.3187(6). The FWA does not define "appropriate local official," but the general consensus among Florida courts is that an individual is an "appropriate local official" for the purposes of the FWA if he or she is "affiliated with the local government in some way" and is "empowered to investigate complaints and make reports or recommend corrective action." Quintini v. Panama City Hous. Auth., 102 So. 3d 688, 689 (Fla. 4th DCA 2012) (collecting cases and Florida Attorney General Opinions).

Here, Campbell does not allege that he disclosed the Department of Transportation's misconduct to the County's chief executive officer. Accordingly, the sufficiency of Campbell's allegations turns on whether his "superiors" at the Department of Transportation qualify as "other appropriate local official[s]" for the purposes of the FWA. The Complaint does not allege who

8

Campbell's "superiors" at the Department of Transportation were, nor does it allege whether Campbell's "superiors" had authority to investigate his complaints or recommend corrective action. Accordingly, the Court concludes that Campbell has failed to allege that his disclosures qualify for FWA protection. Therefore, Count II will be dismissed without prejudice and Campbell will be given leave to amend.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #12) is **GRANTED IN PART and DENIED IN PART.** Count II of the Complaint (Doc. #1) is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this ___17th___ day of March, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

9